1  JAMES L. POCRASS, ESQ. (SBN: 58033)
   POCRASS & DE LOS REYES LLP
2  1875 Century Park East, Suite 2200
   Los Angeles, CA 90067
3  Telephone: (310) 550-9050
   Facsimile: (310) 550-9051
4
   Attorneys for Plaintiff,
5  MARGARET HALSELL

6              **UNITED STATES DISTRICT COURT**

7        **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| MARGARET HALSELL, an Individual<br><br>Plaintiff<br><br>v.<br><br>UNITED AIRLINES, INC. a Delaware Corporation, and DOES 1-50, Inclusive<br><br>Defendants | CASE NO: 2:21-cv-01791<br><br><br>COMPLAINT FOR DAMAGES<br><br><br>1. Negligence |

   COMES NOW, PLAINTIFF MARGARET HALSELL (hereinafter referred to as "Plaintiff" or "Halsell," and alleges negligence against Defendants as follows:

                    **SUBJECT MATTER JURISDICTION**

   1.   This court has jurisdiction over the subject matter of this case pursuant to Article 33 of the Convention for the Unification of Certain Rules for

---

1

**AMENDED COMPLAINT FOR DAMAGES**

1  International Carriage by Air (Montreal, May 28, 1999) (hereinafter "the Montreal Convention"). Specifically, under Article 33(1) of the Montreal Convention. Plaintiff purchased her ticket for the subject flight in this District, the principal and permanent place of residence of Plaintiff is in this District, and Defendant UNITED AIRLINES, Inc. (hereinafter referred to as "United") operates services for the carriage of passengers by air in this District.

2. As the Montreal Convention is a treaty of the United States, this court has subject matter jurisdiction over this case under 28 U.S.C. §1331.

3. Further, this Court has diversity jurisdiction over this matter.

**PERSONAL JURISDICTION**

4. This Court has personal jurisdiction over Defendants, and each of them. Plaintiff is informed and believes and thereon alleges that, at the time of the incident, Defendants, and each of them, were doing substantial business in, and had contacts with, the State of California sufficient for this Court to exercise jurisdiction.

**VENUE**

5. Venue in the Central District of California, Western Division, is proper pursuant to 28 U.S.C. §1391, because a substantial part of the events and/or omissions giving rise to the claims as alleged herein occurred in this District, and/or Defendants are otherwise subject to personal jurisdiction in this

District. Further, Venue is proper in accordance with the Montreal Convention treaty.

## PARTIES

6. Plaintiff HALSELL was and is a citizen of California and permanently resides in California.

7. Defendant United was and is a business duly organized and existing under the laws of the State of Delaware with its principal place of business in Chicago, Illinois. Defendant was and is engaged in the business of transporting passengers for hire and avail themselves of California resources including airports, roadways, and citizens.

8. Plaintiff is informed and believes and thereon alleges that DOES 1-25, Inclusive, and each of them, were and are individuals who were members of the flight crew who were responsible for causing injury to Plaintiff.

9. Plaintiff is informed and believes and thereon alleges that, on March 16, 2019, Defendants United and DOES 26-50, Inclusive, and each of them, were and are legally responsible for the negligent, careless, and reckless acts of DOES 1-25, Inclusive, and each of them.

10. At the time and place of the events relevant hereto, the defendants, and each of them, were members of and engaged in a joint venture or common enterprise.

## FIRST CAUSE OF ACTION – NEGLIGENCE

## (By Plaintiff Against all Defendants)

11. Plaintiff incorporates by reference, as though fully set forth at length, paragraphs 1 through 10, of this Complaint.

12. Plaintiff is informed and believes and thereon alleges that, prior to March 16, 2018, Plaintiff entered into a contract in Santa Barbara County with Defendant United for Transportation between Washington, D.C. and Beijing, China, with a return trip from Shanghai, China to San Francisco, CA.

13. As a result of the contract for transportation between Plaintiff and United, United was a common carrier and owed a duty to Plaintiff to use the highest care and vigilance of a very cautious person to provide safe transportation to Plaintiff.

14. At all material times, Defendant UNITED entered into the contract of carriage with Plaintiff HALSELL and was in control of and responsible for, her safe transport.

15. On March 16, 2019, Plaintiff was a passenger aboard United Flight #807 *en route* to Beijing, China from Washington, D.C.

16. Defendants, and each of them, were in exclusive control of the operations of Flight #807, including those related to the beverage service, and owed non-delegable duties to all passengers, including Plaintiff HALSELL, for

its safe operation at all times.

17. During said flight, before said flight's arrival in Beijing, China the defendants, and each of them, so negligently, carelessly, recklessly, unskillfully, unlawfully, tortiously, wantonly, wrongfully owned, entrusted, permitted, managed, serviced, repaired, inspected, maintained, operated, controlled, directed, supervised, and oversaw said aircraft as to cause a food and beverage cart to collide with Plaintiff HALSELL's body, including but not limited to, her right foot and right arm, thereby causing the damages hereafter mentioned.

18. Defendants, and each of them, were in exclusive control of the operations of Flight #807, including those related to the beverage service, and owed non-delegable duties to all passengers, including Plaintiff HALSELL, for its safe operation at all times.

19. By reason of said injuries, plaintiff has incurred, and probably will incur in the future, hospital, surgical, medical, nursing and household expense, all to her further damage.

20. Each said negligent, careless, reckless, unskillful, unlawful, tortious, wanton and wrongful act and omission of each said defendant concurred with each said negligent, careless, reckless, unskillful, unlawful, tortious, wanton and wrongful act and omission of each and all of the other defendants as a proximate

cause of said accident to plaintiff and of plaintiff's injuries hereinafter mentioned.

21. As a proximate result of each and all of the aforesaid acts and omissions of the defendants, and each of them, plaintiff was injured about the body and its members and was rendered sick, sore, lame and disabled, and was injured in health, strength and activity, a portion of said injuries being permanent. As a result of said injuries, plaintiff has had, and in the future will have, physical, mental and emotional pain, suffering, worry and anxiety. By reason of said injuries and consequences, plaintiff has sustained general damages in an amount which is within the jurisdiction of this Court.

22. As a proximate result of each and all of the aforesaid acts and omissions of the defendants, and each of them, plaintiff suffered grave and serious mental anguish, fear, anxiety and illness, a portion of said injuries being permanent. As a proximate result of said injuries and damages, plaintiff has had, and in the future will have physical, mental and emotional pain, suffering, worry and anxiety. By reason of said injuries and consequences, plaintiff has sustained general damages in an amount which is within the jurisdiction of this Court.

23. By reason of said injuries, plaintiff has incurred, and probably will incur, in the future, ambulance, hospital, surgical, medical, nursing and household expense, all to her further damage, according to proof.

**COMPLAINT FOR DAMAGES**

24. By reason of said injuries, Plaintiff was unable to do her usual work for a period of time, has been unable to do a portion of her work since that time, will be partially disabled in the future and has sustained damage to her future earning capacity, all to her damage, according to proof.

25. By reason of said injuries, Plaintiff has sustained damage to her future earning capacity, all to her further damage, according to proof.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**COMPLAINT FOR DAMAGES**

# DEMAND FOR JURY TRIAL

NOTICE is hereby given that Plaintiff, MARGARET HALSELL, hereby demands trial by jury in the above-entitled matter.

///

///

///

WHEREFORE, plaintiff, MARGARET HALSELL, prays for judgement against the defendants, and each of them, for:

1. General and special damages, according to proof;
2. Prejudgment interest as allowed by law;
3. Costs of suit; and
4. Such other and further relief as to this Court may seem proper.

DATE: February 25, 2021        POCRASS & DE LOS REYES LLP

By:____/S/ JLP_____
    JAMES L. POCRASS
    Attorneys for Plaintiff,
    MARGARET HALSELL